UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRUCE GAUBERT                                CIVIL ACTION

VERSUS                                       NO. 07-9768

LOUISIANA CITIZENS PROPERTY                  SECTION "C" (1)
INSURANCE CORPORATION, ET AL


ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by the defendant State Farm Fire and Casualty Company ("State Farm") in its capacity as flood carrier, a "Write -Your-Own ("WYO") Program carrier in the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act ("NFIA"). Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment is appropriate for the following reasons.

The plaintiff sues for Katrina-related damages allegedly covered by her Standard Flood Insurance Polcy ("SFIP), the terms of which are fixed by FEMA and are the same

1

as the Standard Flood Insurance Policy ("SFIP") issued through the NFIP. The defendant argues that the plaintiff never submitted a timely signed and sworn Proof of Loss and never submitted any documentation prior to filing this lawsuit, thereby precluding coverage.

The plaintiff argues in opposition that a sworn proof of loss was submitted on August 22, 2006, after having received a partial payment under the policy, although he "has not yet located a copy of this document, and is not sure he made a copy of it before submitting it to the National Flood Insurance Program." [1] (Rec. Doc. 56, p. 2). It appears that this suit was filed in state court on August 21, 2007, as part of the misjoined action, *Boyd, et al v. State Farm Fire and Casualty Insurance Co.*, Civ. Act. 6736 "R"(2). The plaintiff also argues that this motion is premature because he has requested that State Farm seek a waiver from FEMA. In this regard, the plaintiff argues that if a waiver is denied, he is entitled to discovery into the process for waivers because his constitutionally guaranteed rights to due process and equal protection have been violated." (Rec. Doc. 56, p. 4). Finally, the plaintiff argues that strict compliance with NFIP's requirements is not always necessary.

---

[1] As noted by the defendant, the plaintiff denied submitting any sworn proof of loss in his deposition. (Rec. Doc. 56, p. 3).

The NFIP requires that the proof of loss and supporting documentation be filed within one year SFIP deadline with the FEMA waiver[2], and that the any proof of loss should include supporting documentation under Art. VII(J)(3), VII(J)(4)(f) and VII(R) of the SFIP.[3] The plaintiff acknowledges the alleged sworn proof of loss did not contain the supporting documentation required by the SFIP, but that he is being

---

[2] On August 31, 2005, David Maurstad, Acting Federal Insurance Administrator, waiving the requirement that the insured file a proof of loss prior to receiving insurance proceeds, and allowing as follows"
> In the event a policyholders disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. The proof of loss must meet the requirements of VII.J.4 of the SFIP Dwelling or General Property Form or VIII.J.4 of the SFIP Residential Condominium Building Association Policy Form. The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policy holder may file a lawsuit against the insurer within one year of the date of written denial of all or part of the claim as provided in VII.R of the SFIP Dwelling or General Property Form or VIII.R of the SFIP Residential Condominium Building Association Policy Form.
> (Rec, Doc. 15, Exh. 3). See *Eichaker v. Fidelity National Property & Casualty Insurance Co.*, 2008 WL 2308959 (E.D.La.).

[3] Article VII(J)(3) of the SFIP requires the policyholder to "[p]repare an inventory of damaged property, showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts, and related documents" in conjunction with the proof of loss. Article VII(J)(4) requires the proof of loss which provides certain specified information, including "specifications of damaged building and detailed repair estimates." Article VII(R) precludes suit "unless you have complied with all the requirements of the policy."

unconstitutionally denied a waiver and strict compliance is not required.

Assuming that NFIP received the August 22, 2006, proof of loss, the Court need not go further than examining the sufficiency of the proof of loss. The Court finds that the proof of loss submitted was deficient due to the lack of <u>any</u> supporting documentation prior to filing suit. *Markey v. La. Citizens Fair Plan*, 2009 WL 23858 (E.D.La.); *Eichaker*, *supra*. FEMA's August 31, 2005, waiver provided the extended deadline for filing the supplemental proof of loss was conditioned on full compliance with the SFIP requirements. "Under FEMA regulations, strict adherence is required to all terms of the SFIP." *Marseilles Homeowners Condominium Ass'n, Inc. v. Fidelity National Insurance Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008), quoting *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998).

In addition, the Court joins other courts against recognition of a constitutional right to a waiver of the requirements of NFIP. See *Wientjes v. American Bankers Insurance Co. of Flaorida*, 2009 WL 2391407 (5th Cir. ); *Graham v. State Farm Fire and Casualty Co.*, 2009 WL 3082055 (E.D.La.); *Dupuy v. Fidelity National Property & Casualty Insurance Co.*, 2009 WL 82555 (E.D.La.).

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the defendant,

State Farm Fire and Casualty Company in its capacity as the flood carrier, a Write-Your-Own Program Carrier participating in the National Flood Insurance Program is GRANTED. (Rec. Doc. 40).

New Orleans, Louisiana, this 2nd day of November, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE