UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRUCE GAUBERT                                CIVIL ACTION

VERSUS                                       NO. 07-9768

LOUISIANA CITIZENS PROPERTY                  SECTION "C" (1)
INSURANCE CORPORATION, ET AL

ORDER AND REASONS

This matter comes before the Court on motions to exclude the testimony of plaintiff's purported expert witnesses, Steve Hitchcock ("Hitchcock") and Don Kotter ("Kotter") filed by State Farm Fire and Casualty Company ("State Farm"). Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

**Steve Hitchcock**

Hitchcock's report concerns damage to four rental properties allegedly damaged in Hurricane Katrina. The motion focuses on alleged shortcomings inherent in the witness's opinion and methodology based on inspections of the subject properties after

1

renovations or substantial repairs were performed, Hitchcock's disregard of the actual repair costs incurred in making the repairs and his heavy reliance on information gained in interviews with the plaintiff. State Farm argues that this Court should follow the opinions of Judge McNamara in *Williams v. Allstate Insurance Co.*, 2008 WL 5110604 (E.D.La.), appeal docketed, No. 09-30140 (5th Cir. Feb. 10, 2009) and Judge Africk in *Tardo v. State Farm & Casualty Co.*, 2009 WL 1804766 (E.D.La.). In those cases, the opinions of another expert were rejected because they were based on unreliable methodology focused almost entirely upon interviews with the plaintiff.[1] Both cases emphasized the lack of corroborating paperwork from the plaintiffs. State Farm also argues that Hitchcock is not qualified to opine on causation, relying on caselaw including the undersigned's *Barrow v. State Farm Fire & Casualty Co.*, 2008 WL 4412259(E.D.La.)(testimony of construction expert allowed as to quantification of damages but not causation). Underlying State Farm's argument is recognition of a fundamental principle that actual costs prevail over theoretical costs when repairs have been made, rendering opinions such as those of Hitchcock and Kotter irrelevant, as articulated by Judge Africk in *Tardo*, *supra.* and the Louisiana First Circuit in *McAshan v.*

---

[1] State Farm concedes that Hitchcock did observe one apartment that was unrepaired, but was able to identify only two spots where plaster indicated water damage.

*Jack's Pest Control*, 782 So.2d 1, 6-7 (La. App. 1st Cir. 2000).

The plaintiff argues that State Farm's arguments fail because it "has made no showing that Mr. Gaubert's properties have been restored to their pre-loss condition, with materials of like kind and quality." (Rec. Doc. 64, p.4). He claims that Hitchcock is a licensed contractor and public adjuster and is experienced in separating wind and rain damage from flood damage, and has been qualified by Judge Barbier to testify as an expert witness at trial.[2] The plaintiff also argues that his opinion is reliable in large part because of his review of the State Farm claim file. Finally, he argues that actual repairs and costs are irrelevant because the plaintiff is entitled to direct payment of replacement cost as calculated at the outset; "[b]y its very nature this is a theoretical estimate, not an actually incurred expenses number." (Rec. Doc. 64, p. 7).

The use of Hitchcock's opinions as the only evidence of damage or causation has not been blindly permitted by the members of this Court. See *Moffett v. Allstate Indemnity Co.*, 2008 WL 5082902 (E.D.La.)(J. Lemmon); *Bayle v. Allstate Insurance Co.*, 2008 WL 5054572 (E.D.La.)(J. McNamara); *Gustins v. Travelers & Standard Fire Insurance Co.*, 2008 SL 4948837 (E.D.La.)(J. Engelhardt); *Riso v. Hartford Insurance Co.*, 2008 WL 5429661 (E.D.La.)(J. Engelhardt); *Conerly v. State Farm Fire & Casualty Co.*, 2008 WL

---

[2] According to the plaintiff, two of the properties sustained no flooding.

5500604 (E.D.La.)(McNamara); *Lambert v. State Farm Fire & Casualty Co.*, 568 F.Supp.2d 698 (E.D.La.)(J. Africk). Whether the Court would agree with Judge McNamara in *Williams* that testimony substantially reliant on methodology using the plaintiff's uncorroborated recollection is inherently unreliable, or whether it would also agree with Judge Africk in *Tardo* that such a method, even with the additional review of the claim file, is equally unreliable, such an assessment would be premature. Even if there was clearly established law to the effect that actual costs do prevail over theoretical costs and that actual costs need be addressed in a reliable expert report, this Court would still be unable to rule. As noted by the plaintiff, no copy of the relevant policy provisions or a stipulation as to same has been provided. In addition, the Court was unable to locate a copy of Hitchcock's curriculum vitae to determine the existence and extent of his qualifications.

**Don Kotter**

In addition to the deficiencies argued with respect to Hitchcock's opinions, State Farm challenges the timeliness and, more importantly, the form of Kotter's purported expert report. The plaintiff in opposition does not directly address the impropriety as to form of the witness's estimate as measured against the requirements for an expert report under Fed. R. Civ. Pro. 26(a)(2)(B). Since there is no disagreement that this

4

"opinion" testimony does not comply with the Rule 26, this testimony will not be allowed at this time.

The Court notes that the *Williams* opinion is on appeal, and apparently is set for oral argument on December 2, 2009. In light of the apparent unreadiness for trial, and given the important guidance that may be forthcoming from the Fifth Circuit on the issue of the qualifications and methodology used in reaching these expert opinions, the Court will consider a continuance in the event the parties are unable to settle the remaining claims.

Accordingly,

IT IS ORDERED that the motion to exclude the testimony of plaintiff's purported expert witness Steve Hitchcock filed by State Farm Fire and Casualty Company is DENIED without prejudice and the motion to exclude the testimony of plaintiff's purported expert witness Don Kotter filed by State Farm Fire and Casualty Company is GRANTED. (Rec. Docs. 49, 50).

New Orleans, Louisiana, this 5th day of November, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE